**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

CECIL RAY ALDRIDGE                                                    PLAINTIFF

v.                                        2:26-cv-00007-BSM-JJV

ST. FRANCIS COUNTY
DETENTION CENTER; *et al.*                                            DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

The following Recommended Disposition ("Recommendation") has been sent to United States District Brian S. Miller. Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Plaintiff Cecil Ray Aldridge, who is confined in the St. Francis County Detention Center, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  *Id.*  When conducting this review, the court construes *pro se* pleadings liberally.  *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015).  But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked

1

assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## II.    DISCUSSION

Plaintiff says on December 7, 2025, Defendants Mays and Jones denied him dinner, and thereafter, a non-party denied him five copies of his grievance about the matter. (Doc. 1.) As relief he seeks ten million dollars in damages. After careful consideration, I conclude the Complaint fails to state a plausible claim for relief for the following reasons.

First, the St. Francis County Detention Center, which has been named as a Defendant, is not a proper party in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008). Second, the denial of a single meal does not rise to the level of a constitutional violation. *See Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016); *Whtiney v. Washington Cnty. Det. Ctr.*, No. 16-2760, 2017 WL 4534810 (8th Cir. Oc. 11, 2017). Finally, Plaintiff does not have a constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    The Complaint (Doc. 1) be DISMISSED without prejudice as failing to state a claim upon which relief may be granted.

2.    In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 26th day of February 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE